IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| K3 LOGISTICS, LLC, § | | |
| *Plaintiff/Counter* § | | |
| *Defendant*, § | | |
| § | | |
| v. § | | |
| § | | |
| CRYPTOTHERM § | | |
| MANUFACTURING, INC., § | | |
| *Defendant/Counter* § | MO:24-CV-00001-DC-RCG | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | |
| § | | |
| CLAYTON BUSH and NGL WATER § | | |
| SOLUTIONS § | | |
| *Counter Defendants*. § | | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Plaintiff/Counter-Defendant K3 Logistics, LLC's ("K3') Motion to Dismiss and Strike Defendant Cryptothem Manufacturing, Inc.'s ("Cryptotherm") Pleadings. (Doc. 34). This case is before the undersigned through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of relevant case law and the record in this case, the undersigned **RECOMMENDS** that Plaintiff's Motion to Dismiss and Strike Cryptotherm's Pleadings be **GRANTED**. (Doc. 34).

As the Court explained during the April 4, 2024 hearing and in it's May 8, 2024 Order Regarding New Counsel for Defendant (Doc. 37), the Holmes Law Group and its attorneys' withdrawal as counsel from this litigation has implications for this case's progress moving forward. The Court admonished Cryptotherm in two separate orders dated April 5, 2024 and May 8, 2024 that Cryptotherm, "is not entitled to represent itself as a corporation—it must be represented by a licensed attorney." (Docs. 32 at 2; 37 at 1). Because Cryptotherm is a

corporation and is neither an individual or a sole proprietorship, it "is not permitted to proceed *pro se* or through a non-attorney, but rather must be represented by a licensed attorney in this litigation in federal court." *Henderson v. Fenwick Protective Inc.*, No. 3:14-CV-505-M-BN, 2015 WL 3439166, at *1–*2 (N.D. Tex. May 28, 2015) (citing *M3Girl Designs, LLC v. Purple Mountain Sweaters*, No. 3:09-cv-2334- G, 2010 WL 304243, at *2 (N.D. Tex. Jan. 22, 2010)). In fact, "[t]he 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.' " *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (quoting *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982)).

Initially, in its April 5, 2024 Order, the Court ordered that Cryptotherm must "retain counsel and have said counsel enter a notice of appearance on or before April 19, 2024." (Doc. 32 at 3). Then, the Court gave Cryptotherm another chance on May 8, 2024, ordering it "to cause new counsel to enter an appearance in this case by no later than 5 days after receipt of this Order." (Doc. 37 at 1). The Court's May 8, 2024 Order also warned Cryptotherm that its failure to hire counsel to represent it may result in appropriate measures, including possibly striking Defendant's defenses and entering a default judgment against Defendant. *Id*. at 1–2. See *Henderson*, 2015 WL 3439166, at *1–*2; *Adonai Commc'ns, Ltd. v. Awstin Invs., L.L.C.*, No. 3:10-cv-2642-L, 2012 WL 899271, at *1–*2 (N.D. Tex. Mar. 16, 2012).

Now, almost two months after it's April 5, 2024 Order and two weeks after its May 8, 2024 Order, Cryptotherm has still failed to obtain legal counsel and cause the new counsel to enter an appearance in this case by the Court-imposed deadlines. New counsel has not entered an appearance for Cryptotherm, and Cryptotherm has not made any filing since the time of its attorneys were allowed to withdraw from the case on April 5, 2024. But there is no question that

Cryptotherm is aware of this action, having previously retained counsel to represent it in its defense and filing its own counterclaims. (*See* Docs. 1, 10).[1]

"[T]he appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). When a corporation declines to hire counsel to represent it, the Court may properly strike its defenses, if it is a defendant. See *Donovan*, 736 F.2d at 1005 (holding district court properly struck defenses of corporate defendant who declined to hire counsel). "Other courts have found default judgment to be the appropriate remedy when a corporation fails, after court warning, to appoint counsel." *Henderson*, 2015 WL 3439166, at *2 (citing *PalWeb Corp. v. Vimonta AG*, No. 3:00-cv-1388-P, 2003 WL 21992488, at *1 (N.D. Tex. Aug. 19, 2003) ("entering a final judgment against the defendant, a Swiss company, and finding that the defendant had been validly served; that the defendant entered its appearance through counsel; that counsel was allowed to withdraw by order of the court; that the court ordered the defendant to obtain substitute counsel (licensed to practice in the court's jurisdiction) on two occasions; and that no attorney licensed to practice in the jurisdiction had entered an appearance on the defendant's behalf; and that defendant was therefore in default"); *Mount Vernon Fire Ins. Co. v. Obodoechina*, Civ. A. No. 08-3258, 2009 WL 424326, at *1 (S.D. Tex. Feb.19, 2009) ("When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default.")).

The Court finds that Cryptotherm remains unrepresented by counsel in this case. Additionally, the Court finds there is no question— Cryptotherm is aware its counsel has withdrawn from its representation and is aware of the consequences of such. Cryptotherm cannot

---
1. The Court notes Cryptotherm removed this case to federal court.

continue to proceed unrepresented in this case. The Court has thoroughly considered imposing alternate sanctions short of striking Cryptotherm's defenses. However, considering all the circumstances and the Court's inherent discretion in determining how to proceed—the Court finds that lesser sanctions would not serve the interests of justice or advance the disposition of this case on the merits. *Henderson*, 2015 WL 3439166, at *3.

Further, Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The Court finds that the only remedy available in light of Cryptotherm's inaction is to dismiss its counterclaims for want of prosecution under Rule 41(b). For the same reasons, the Court further recommends Cryptotherm's counterclaims should be dismissed in the interest of judicial economy.

## **RECOMMENDATION**

For the reasons stated above, the Court **RECOMMENDS**:

1. The Court order that Defendant's Original Answer to K3's Complaint (Doc. 4) be stricken from the record;

2. The Court order that Defendant's First Amended Answer to K3's Complaint (Doc. 10) be stricken from the record;

3. The Court dismiss Cryptotherm's counterclaims for failure to prosecute and failure to comply with the Court's Orders under Rule 41(b).

4. The Court order that K3 move, by no later than a date 30 days from the date of entry of any order adopting this recommendation, for clerk's entry of default against Cryptotherm.

It is further **ORDERED** the Clerk of the Court shall send this Report and Recommendation to:

Cryptotherm Manufacturing, Inc.
7555 51 Street Southeast, Calgary, AB, Canada, T2C 4AC.

SIGNED this 28th day of May, 2024.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).